UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>            Plaintiff,<br><br>      v.<br><br>LT. BOLT, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-00278-LJO-BAM PC<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.      Screening Requirement and Standard**

Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action brought under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which provides a remedy for the violation of civil rights by federal actors.  Plaintiff's complaint, filed on February 25, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the United States Penitentiary Marion in Marion, Illinois.  The events alleged in the complaint occurred while Plaintiff was housed at the United States Penitentiary Atwater in Atwater, California.  Plaintiff names Lt. Bolt, Lt. Puttnam, C.O. Scott, C.O. M. Fontes, and C.O Dunwoody as defendants.

Plaintiff requests that the Court grant him an injunction "in the form of placing the Plaintiff on 'solitary' confinement" so that he may finish his time in prison without being attacked by staff and inmates. (ECF No. 1, p.1.) Plaintiff alleges that Lt. Bolt and Lt. Puttnam are responsible for threatening Plaintiff just like Lt. J. Zaragoza did on November 15, 2012, as stated in Case # 1:13-cv-00115-DLB (PC). Although not clear, Plaintiff appears to contend that Defendants Bolt and Puttnam placed him with a cellmate, Michael Andre Perry, a cop killer from D.C., who can beat Plaintiff to death if he loses control. Plaintiff alleges that Inmate Perry is a paranoid schizophrenic who threatens Plaintiff and yells at him for the slightest noise, such as coughing, sneezing, and snoring. Plaintiff alleges that because he is a sex offender, C.O. Scott, M. Fontes and Dunwoody "told inmate Perry to 'Fuck him up, we will cover it.'" (ECF No. 1, p. 1.)

Plaintiff asserts a cause of action for failure to protect in violation of the Eighth Amendment. He seeks damages and injunctive relief.

### III. Deficiencies of the Complaint

As discussed more fully below, Plaintiff's complaint fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint to cure the deficiencies identified by the Court. To assist Plaintiff in amending his complaint, the Court provides the following legal standards that apply to his claims. Plaintiff should amend those claims he believes, in good faith, are cognizable in this action.

#### A. Eighth Amendment – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from violence at the hands of other prisoners. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 837; Hearns, 413 F.3d at 1040.

<u>Defendants Bolt and Puttnam</u>

Plaintiff alleges that Defendants Bolt and Puttnam placed him with a cellmate that could kill Plaintiff. Plaintiff has not alleged facts to demonstrate that his mere placement in a cell with Inmate Perry constituted a substantial risk of serious harm or that Defendants Bolt and Puttnam knew of a substantial risk of serious harm in housing Plaintiff with Inmate Perry. That Inmate Perry threatened and yelled at Plaintiff is not sufficient. Plaintiff also has not alleged facts to demonstrate that he actually experienced any deprivation rising to the level of a constitutional violation.

<u>Defendants Scott, M. Fontes and Dunwoody</u>

Plaintiff essentially alleges that Defendants Scott, Fontes and Dunwoody instructed Inmate Perry to assault or otherwise hurt Plaintiff. Despite the apparent instruction, Plaintiff has not alleged that he experienced an assault or any other deprivation at the hands of Inmate Perry. This suggests that Inmate Perry did not agree to carry out any assault and that Plaintiff did not face a serious risk of harm. Further, the apparent delay between his placement with Inmate Perry in November 2012 and the filing of his complaint in February 2013 also suggests that Plaintiff did not face a risk of serious harm.

**B.  Injunctive Relief**

Plaintiff requests injunctive relief in the form of an order directing his placement in solitary confinement at United States Penitentiary Atwater. As Plaintiff is no longer incarcerated at the United State Penitentiary Atwater, his request for injunctive relief is moot. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing <u>Johnson v. Moore</u>, 948 F.2d 517, 510 (9th Cir.1991) (per curiam)); <u>Holt v. Stockman</u>, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him). There is no indication that Plaintiff expects to be transferred back to Atwater. <u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1996).

**IV.  Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

4

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 18, 2014**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE